IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

YASMANI NOEL MORENO DE ARMAS,

        Petitioner,

        v.                                  Case No. 2:26-cv-00771 KWR-GBW

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *El Paso Field Office
Director for Detention and Removal,
U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department
of Homeland Security*,

        Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE detention. Petitioner asserts that his detention is prolonged and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001). He also asserts that his prolonged detention violates 8 U.S.C. § 1231. But a final order of removal has not yet been entered, and neither *Zadvydas* nor § 1231 apply here. As explained below, Petitioner's habeas petition is not well-taken and is therefore **DENIED** without prejudice.

Petitioner is a citizen of Cuba. On May 8, 2025, Petitioner was in a vehicle that was stopped by the Palm Beach Police. Doc. 8 at 2. Border Patrol was notified and Petitioner was detained pending removal proceedings. *Id.* On July 2, 2025, an immigration judge ordered Petitioner removed to Cuba. Pet. ¶ 1, Doc. 1; Doc. 8-2 at 1-2. Petitioner timely filed an appeal of the removal

order.  Doc. 8 at 2.  He filed a brief in support of the appeal on November 10, 2025.  Pet. ¶ 30; Doc. 8 at 2. The appeal remains pending.  Doc. 8 at 2.

Petitioner asserts two claims. First, Petitioner asserts that his detention violates *Zadvydas,* as he has spent more than six months in detention. Second, Petitioner asserts that his prolonged detention violates 8 U.S.C. § 1231.  As explained below, both claims fail because a final order of removal has not been issued.

*First*, Petitioner asserts that his detention violates § 1231(a)(1)-(3), as his detention has exceeded 90 days. Pet. ¶ 56.  Petitioner also asserts that his detention violates § 1231(a)(6), as he has been detained for more than six months. Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i). Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition

the BIA for review of the order.') (citation omitted).  The regulations set forth when an order of removal becomes final.  *See* 8 C.F.R. § 1241.1.

Here, a final order of removal has not been issued, as Petitioner's appeal of the removal order remains pending.  Therefore, § 1231 does not apply here.

*Second*, Petitioner asserts that his detention violates *Zadvydas*. *Zadvydas* concerned the detention of a noncitizen who received a final order of removal and was detained under § 1231 pending his removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* addressed the unique situation where a final order of removal was entered, but it was not significantly likely that the noncitizen would be removed in the reasonably forseeable future, leading to indefinite detention.  *Id.* at 690, 701. The Court held that such indefinite detention was unlawful. *Id.* However, *Zadvydas* does not apply to detention prior to the issuance of a final order of removal. The *Jennings* Court concluded that *Zadvydas* did not apply to detention under § 1225(b). *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). *Zadvydas* does not apply here, as a final order of removal has not been entered and Petitioner is not detained under § 1231.

Similarly, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief under *Zadvydas* for prolonged detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States. Here,

Petitioner has been detained since approximately May 2025. A removal order was entered on July 2, 2025, and his appeal of the removal order is pending. He does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Respondents issued a removal order and Petitioner appealed that removal order. Petitioner asserts that Respondents failed to file a response brief in the appeal. But he does not state that he has taken any action to move his case along on appeal, such as filing a motion to bring this failure to the attention of the BIA. Therefore, Petitioner's *Zadvydas* claim fails.

Finally, the Court notes that the Petition nominally raises a due process argument based on his prolonged detention, but this argument appears to be based on an alleged violation of *Zadvydas*. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The First and Second Circuits have held that detainees are entitled to an additional bond hearing after their detention becomes prolonged. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third, Fourth, and Ninth Circuits have found that § 1226(a) does not entitle a detainee to a new bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Miranda v. Garland*, 34 F.4th 338, 366 (4th Cir. 2022); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).

But here, Petitioner has not raised or analyzed any due process claim for prolonged detention while detained under either §§ 1225 or 1226. The Court declines to adjudicate an unraised due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was

4

upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court declines to sua sponte raise or analyze a hypothetical constitutional claim which was not asserted or briefed. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").

Finally, Petitioner does not assert a claim in his Petition that he is entitled to a bond hearing under § 1226(a), and the Court therefore declines to sua sponte raise and analyze whether he is

entitled to a bond hearing or whether he is mandatorily detained under § 1225. Moreover, Petitioner raises claims for the first time in his Reply, including that his parole was not properly terminated. The Court does not address claims not raised in the Petition.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED without prejudice.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
